**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LINDA J. CARTER,** :  | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-4941** |
| : | |
| **TACONY CROSSING 2021 LLC, *et al.*,** : | |
|     **Defendants.** : | |

**MEMORANDUM**

**BARTLE, J.**                                                                                   **FEBRUARY 15 , 2023**

*Pro se* Plaintiff Linda J. Carter filed a Complaint against various Defendants associated with the lease of her apartment. She requests damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Carter seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Carter leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Carter will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Carter names the following Defendants: (1) Tacony Crossing 2021 LLC; (2) Adams Run Holding Company, LLC; (3) Chelsea Management LLC; and (4) Kenneth Baritz. (Compl. at 2.) Carter's allegations are at times difficult to understand. The Court understands her allegations to relate to communications she had with her landlords (Adams Run, Tacony Crossing, and Chelsea

---

[1] The facts set forth in this Memorandum are taken from Carter's Complaint (ECF No. 2) and the exhibits attached thereto. The Court adopts the pagination supplied by the CM/ECF docketing system.

Management) and their attorney (Kenneth Baritz) regarding the payment and nonpayment of rent for her apartment in Philadelphia.

Specifically, Carter alleges that on May 18, 2021, she "signed an invalid contract with Adams Run." (*Id*. at 4.)  The "invalid contract" was a lease between Carter and Adams Run for an apartment located at 155 East Godfrey Avenue, Philadelphia, Pennsylvania 19120.  (*See* Compl. at 11-12.)  On September 20, 2021, Carter was "notified that Tacony Crossing was under new management."  (*Id*. at 4.)  On September 23, 2021, Carter was allegedly "coerced under duress to sign a new digital lease/contract . . . and was given 24 hours" to do so "or be charged an additional $350."  (*Id*. at 4, 14.)  The lease was sent to her electronically by Tacony Crossing.  (*Id*. at 14.)[2]  In December of 2021, Carter was notified that Adams Run was sold to Chelsea Management and that rent payments from that point forward should be forwarded to Chelsea Management.  (Compl. at 4, 16.)  In January of 2022, Carter was approved for renter's assistance through the City of Philadelphia.  (*Id*. at 4, 17.)  On April 4, 2022, the City paid $8,215.77 for back rent, late fees, and utilities for the Godfrey Avenue apartment.  (*Id*. at 4.)

On May 13, 2022, Carter received a "Notice to Vacate" from Baritz in relation to an outstanding balance on the Godfrey Avenue apartment.  (*Id*. at 4, 19.)  The Notice indicates that Baritz is "an attorney who represents the owner of" the Godfrey Avenue apartment and that the Notice "is an attempt to collect a debt."  (*Id*. at 19.)  On May 19, 2022, Carter responded to the Notice with "a debt validation notice to alert them of [their] wrongdoings and to cease and desist all collection and communication regarding the debt."  (*Id*. at 4, 20.)  In response to Carter, on June 28, 2022, Baritz sent Carter a letter attaching a "verification . . . in the form of a ledger," which purportedly outlines the outstanding amounts owed on the Godfrey Avenue apartment.

---

[2] The relationship between Adams Run and Tacony Crossing is not clear.

(*Id*. at 4, 23.)  Carter states that the ledger sent by Baritz was "incomplete" and that Baritz "violated the cease and desist" she requested.  (*Id*. at 4.)  On June 30, 2022, the City paid $5900 in rental assistance to Carter's landlord covering rent payments for September 2021 through January 2022.  (*Id*. at 5, 25.)

In June of 2022, Carter received a "Lease Renewal Notification" from Chelsea Management.  (*Id*. at 4, 22.)  Carter alleges that she responded to the Notification, stating that she "cannot afford the $377 dollar increase" on her rent.  (*Id*. at 4.)  Despite this, Chelsea Management began charging Carter an additional $200 per month.  (*Id*. at 5.)

On August 1, 2022, Adams Run filed a Landlord Tenant Complaint in the Philadelphia Municipal Court.  (*Id*. at 26-35.)  Carter states that the Landlord Tenant Complaint "is harassment and abuse" and constitutes a "false representation and deceptive means to collect a debt."  The Landlord Tenant Complaint states that Carter is responsible for the nonpayment of $7,281.62, which represents amounts due under the lease from March 2022 through July 2022.  (*Id*. at 28.)  Carter states that when she checked her statement on August 10, 2022, the balance was $2,935.27.  (*Id*. at 5.)  On August 15, 2022, Carter sent Defendants an "Affidavit Notice of Unlawful Contract and Debt Collection," which notified them "of their wrongdoings."  (*Id*. at 5, 37-49.)  On September 6, 2022, Carter alleges that Bartiz "coerce[d]" her to sign an agreement, which appears to be a "Judgment by Agreement" resolving the Landlord Tenant Complaint filed by Adams Run.  (*See id*. at 5, 52.)  Based on these allegations, Carter requests $42,000 in statutory damages under the FDCPA.  (*Id*. at 6.)  She also requests that the Court grant her "equitable relief" and vacate the "judgment" against her.  (*Id*.)[3]

---

[3] Although the FDCPA permits a plaintiff to seek money damages, equitable relief is not an available remedy under the FDCPA.  *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016);

## II.    STANDARD OF REVIEW

The Court will grant Carter leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Carter is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

*see also Waitkus v. Pressler & Pressler, L.L.P.*, No. 11-6531 2012 WL 686025, at *4 (D.N.J. Mar. 2, 2012) ("The [FDCPA] does not permit a litigant asserting a private cause of action to obtain injunctive, declaratory or other equitable relief.").
    In addition, it appears that Carter asks the Court to vacate a state court judgment in the landlord tenant dispute, which the Court lacks jurisdiction to do.  To the extent the state court proceedings have concluded in a manner adverse to Carter, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458-61 (3d Cir. 2019).

### III. DISCUSSION

Carter alleges that Defendants violated the FDCPA.[4] "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v.*

---

[4] The Court understands Carter to exclusively raise FDCPA claims in her Complaint. She checks the federal question box as the basis for the Court's jurisdiction (*see* Compl. at 2); references FDCPA provisions throughout her Complaint (*see id*. at 4-6, 8); repeatedly handwrites various FDCPA provisions on the exhibits attached to the Complaint (*see id*. at 19, 23, 26-32, 34-35, 52, 54); requests $42,000 as "monetary relief under 15 U.S.C. § 1692k(d)" (*id*. at 6); and describes the "cause of action" on the Civil Cover Sheet to be that "Defendants violated the FDCPA" (*id*. at 8). To the extent Carter intended to raise state law claims she has not made this clear. In any event, it appears that the Court lacks jurisdiction to hear any state law claims. *See* 28 U.S.C. § 1332(a) (granting district court jurisdiction over a case in which "the matter in controversy *exceeds the sum or value of $75,000* . . . and is between . . . citizens of different States." (emphasis added)).

*McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Carter has failed to allege a plausible FDCPA claim.  She has not alleged that any Defendant is a debt collector.  A "debt collector" is defined by the FDCPA as "any person" who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 365-66 (3d Cir. 2018).  This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself."  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017).  In contrast, "creditor" is defined in part as "any person . . . to whom a debt is owed."  *Id*. § 1692a(4).  Thus, creditors are generally not debt collectors.  *Tepper*, 89 F.3d at 366 ("Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act].").

The Complaint contains no facts about whether or how Defendants collect or attempt to collect debts owed to others.  To the extent that Carter's claims against her landlords are based on their attempts to collect outstanding amounts owed to them on their own behalf, such claims would not be viable because the landlords would be deemed creditors and not debt collectors under the FDCPA.  *See Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); *Ojo v. Milrose 179 Harrison, LLC*, No. 20-949, 2021 WL 822788, at *2 (D.N.J. Mar. 4, 2021) ("[L]andlords, like Milrose, seeking to collect rent (a debt) owed directly to them from tenants are creditors, not debt collectors."); *Rodriguez v. Maharaj*, No. 20-4666, 2021 WL 508611, at *4 (D.N.J. Feb. 11,

2021) (observing that former landlord attempting to collect unpaid rent was a creditor and thus not a proper FDCPA defendant).  Attorneys or law firms on the other hand "who 'regularly' engage in consumer-debt-collection activity" may qualify as debt collectors under the FDCPA.  *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *see also Hoffmann v. Wells Fargo Bank, N.A.*, No. 16-4230, 2019 WL 186093, at *2 (E.D. Pa. Jan. 11, 2019) ("Lawyers and law firms may be "debt collectors" under the FDCPA's definition—and therefore subject to liability or administrative enforcement under the Act—if their business' principal purpose is to collect consumer debts or if they regularly collect or attempt to collect consumer debts."); *Daniels v. Baritz*, No. 02-CV-7929, 2003 WL 21027238, at *4 (E.D. Pa. Apr. 30, 2003) ("[A]ttorneys who regularly engage in debt collection practices, apart from their legal representation, are covered under the FDCPA.").  Thus, although Baritz may be subject to the FDCPA, Carter has failed to plead sufficient facts to plausibly allege that Baritz is a debt collector.

Even if Carter had sufficiently alleged that Defendants were debt collectors, she has not alleged how any Defendant specifically violated the FDCPA.  She alleges in vague and conclusory fashion that Chelsea Management and Adams Run "used unfair or deceptive acts to collect an alleged debt by contacting a third party to collect." (Compl. at 4, 19.)  Carter does not allege what acts were unfair or deceptive.  Moreover, contacting a third party to assist with the collection of a debt is not, by itself, a violation of the FDCPA.  Carter also alleges that Baritz violated § 1692b(2) "by stating that [Carter] owe[d] a debt." (*Id*. at 4.)  Section 1692(b)(2) provides that "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . (2) not state that such consumer owes a debt."  Carter does not provide any facts to support a violation of Section 1692b(2).  It is also unclear what, specifically, Carter alleges was inaccurate about Baritz's

communication or how he otherwise violated the FDCPA.  Her Complaint at times recognizes the existence of her lease but at other times disclaims that she owed anything at all or, alternatively, recognizes payments owed in connection with the lease but disputes the amount.  Absent clearer factual recitations, the Court concludes that Carter's FDCPA claims are not adequately pled.

In addition, Carter may not solely rely on the 18 exhibits attached to her Complaint, including the handwritten citations to the FDCPA provisions on many of those exhibits, to state plausible claims.  Although it is difficult to read her handwriting, the Court understands Carter to be referencing §§ 1692e, 1692f, and 1692j.[5]  Carter does not allege how any Defendant specifically violated these FDCPA provisions.  Nor does she reference these provisions in the Complaint itself.  The Court will not speculate about the basis of Carter's claims based on attachments to the Complaint containing barely legible handwritten notes.  *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

---

[5] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692j "prohibits forms that create the false impression that some third party, other than the creditor or its collector, is involved in the collection of the debt at issue."  *Stegall v. SN Servicing Corp.*, No. 16-2122, 2017 WL 971042, at *8 (E.D. Pa. Mar. 13, 2017).  Section 1962f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Carter leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because it is possible that Carter could cure the defects in her claims, she will be granted leave to amend.  Any amended complaint should clearly describe the factual basis for her claims.  An appropriate Order follows, which provides further instruction as to amendment.