**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA J. CARTER, | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 22-CV-4941** |
| | : | |
| TACONY CROSSING 2021 LLC, *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**BARTLE, J.**                                                                                      **APRIL  12 , 2023**

       *Pro se* Plaintiff Linda J. Carter filed this civil action against four Defendants associated with the lease of her apartment, seeking damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  The Court previously granted Carter *in forma pauperis* status and dismissed her claims without prejudice.  Carter has returned with an Amended Complaint.  For the following reasons, the Court will dismiss her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

       In her initial Complaint, Carter alleged that her then current landlord, three former landlords, and an attorney violated the FDCPA when they communicated with her about outstanding rents owed for an apartment Carter leased at 155 East Godfrey Avenue, Philadelphia, Pennsylvania 19120.  (*See* Compl., ECF No. 1.)  Carter named the following Defendants in her Complaint:  (1) Tacony Crossing 2021 LLC; (2) Adams Run Holding Company, LLC; (3) Chelsea Management LLC; and (4) Kenneth Baritz.  (*Id*. at 2.)[1]  While the facts in her original Complaint were difficult to understand, the Court generally understood

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Carter to be alleging that Defendant Kenneth Baritz, Esquire, an attorney who is alleged to represent her landlord, violated the FDCPA by contacting her about outstanding rent amounts that she owed.  (*Id*. at 4.)  The Court also understood Carter to allege in her original Complaint that Baritz and Adams Run violated the FDCPA by filing a Landlord Tenant Complaint in the Philadelphia Municipal Court in an effort to collect alleged overdue rent payments from Carter. (*Id*. at 26-35.)

In a February 15, 2023 Memorandum and Order, the Court granted Carter leave to proceed *in forma pauperis* and dismissed her Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  *See Carter v. Tacony Crossing 2021 LLC*, No. 22-4941, 2023 WL 2025037, at *4 (E.D. Pa. Feb. 15, 2023).  The Court concluded that Carter failed to allege facts to establish two elements of an FDCPA claim:  that the named Defendants are debt collectors and that Defendants specifically violated the FDCPA by attempting to collect a debt.  *Id*. at *3-4.  With respect to the three landlord Defendants, the Court stated that "[t]o the extent that Carter's claims against her landlords [were] based on their attempts to collect outstanding amounts owed to them on their own behalf, such claims would not be viable because landlords would be deemed creditors and not debt collectors under the FDCPA."  *Id*. at 3 (citing cases).  The Court provided Carter an opportunity to cure the deficiencies by filing an amended complaint but stated that any amended complaint must "be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim."  (*See* ECF No. 7.)

Carter returned with an Amended Complaint.  (Am Compl., ECF No. 8.)  Carter names the same four Defendants in her Amended Complaint.  (*Id*. at 1.)  The allegations in her Amended Complaint are less clear and more contradictory than the allegations in her Complaint.

Carter does not attach any of the exhibits from her Complaint to her Amended Complaint.  She also provides much less factual background in the Amended Complaint to support her claims.

In the Amended Complaint, Carter alleges that she is a "consumer" as defined by the FDCPA and that she "obtained the [Godfrey Avenue] apartment on credit for personal, family, household usage" on May 18, 2021.  (*Id*. at 4.)  Carter states that The Godfrey Avenue apartment is part of Tacony Crossing Apartments of which Defendant Chelsea Management LLC is the current owner.  (*Id*. at 4.)  However, Carter also alleges that the Defendants are "not the true owner[s]" of the Godfrey Avenue apartment and that the apartment lease she entered into with them was therefore "deceptive," "fraudulent," and "unenforceable."  (*Id*. at 5.)[2]  Carter states that each of the landlord Defendants are "debt collectors" as defined by the FDCPA because they do business on behalf of or as owners of Tacony Crossing Apartments "in connection with debt collection."  (*Id*. at 4-5.)  Defendant Kenneth Baritz is also alleged to be a debt collector because he "act[s] on behalf of Adams Run Holding to communicate with [Carter] in connection with a debt."  (*Id*. at 5.)[3]

Carter states that Chelsea Management "used false or misleading representations in connection with a debt to harass and abuse [her] by filing a Landlord Tenant Complaint."  (Am. Compl. at 5.)  The Landlord Tenant Complaint allegedly "contained a false character amount of $7,408.87."  (*Id*.)  Carter also states that the Landlord Tenant Complaint threatened that nonpayment would "result in judgment and eviction and possession of the property," which she

---

[2] Carter appears to imply that because of the alleged unenforceability of the lease agreement, she owes no rent.  She alleges elsewhere in the Amended Complaint that she owes no debt to Defendants in accordance with Bible verse.  (*See* Am. Compl. at 6 (referencing "Romans 13:8" and stating that she "denies owing Defendants any debt" because peoples should "[o]we no man anything but to love one another for he that loveth another hath fulfilled the law").)

[3] Carter refers to Baritz as an individual through the Complaint but also alleges that Baritz is a domestic business corporation.  (Am. Compl. at 5-6)

claims is also an "unfair practice" under the FDCPA.  (*Id.*)  With respect to Baritz, Carter claims that he "used false or misleading representations by communicating" that he is an attorney and that she owes a debt.  (*Id.*)  In addition, because Baritz is a "third party attempting to collect a debt," all communications from him are alleged to be "false, misleading, and harassment."  (*Id.*)[4] Based on these allegations, Carter requests "actual damages" under the FDCPA.  (Am. Compl. at 6.)[5]

## II.    STANDARD OF REVIEW

As Carter is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v.*

---

[4] Carter also vaguely references an "incomplete ledger" and how it did not satisfy Defendants' obligation to "validate the debt."  (Am. Compl. at 6.)  The Court understands Carter to be referencing allegations from her original Complaint.  (*See* Compl. at 4 (alleging that she sent a "debt validation notice" to Baritz and that Baritz responded with an "incomplete" ledger).)  Carter does not provide any factual background about the alleged incomplete ledger in her Amended Complaint, including when it was requested, who provided it, and why she believes it is insufficient or otherwise violative of the FDCPA.  The Court presumes that Carter abandoned any claims based on the incomplete ledger.

[5] To the extent Carter also requests injunctive relief (*see* Am. Compl. at 4 (stating that she "brings this action for damages and injunctive relief")), such request is denied because equitable relief is not an available remedy under the FDCPA.  *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Waitkus v. Pressler & Pressler, L.L.P.*, No. 11-6531 2012 WL 686025, at *4 (D.N.J. Mar. 2, 2012) ("The [FDCPA] does not permit a litigant asserting a private cause of action to obtain injunctive, declaratory or other equitable relief.").

*Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Carter is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Carter again alleges that Defendants violated the FDCPA.  To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").  Carter has again failed to allege a plausible FDCPA claim against any Defendant.  Her Amended Complaint suffers from the same deficiencies as her Complaint did—she has not sufficiently alleged that any Defendant is a debt collector or how any Defendant violated the FDCPA in attempting to collect a debt.

As the Court stated in its February 15 Memorandum, "a 'debt collector' is defined by the

FDCPA as 'any person' who 'uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts' or 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Carter*, 2023 WL 2025037, at *3 (citing 15 U.S.C. § 1692a(6); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 365-66 (3d Cir. 2018)).  This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017).  In contrast, "creditor" is defined in part as "any person . . . to whom a debt is owed." *Id.* § 1692a(4).  Thus, creditors are generally not debt collectors.  *Tepper*, 89 F.3d at 366 ("Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act].").

The Amended Complaint again fails to provide any facts about whether or how Defendants collect or attempt to collect debts owed to others.  In particular, Carter states in conclusory fashion that the Defendants who own or formerly owned her apartment collect debt or are in the business of collecting debt, however, she does not say whether that debt (rent) is owed to them directly or to another.  As the Court stated in its February 15 Memorandum, if any of Carter's claims are based on a Defendant's attempt to collect outstanding rent owed to them directly, such a claim would "not be viable because the landlords would be deemed creditors and not debt collectors under the FDCPA." *Carter*, 2023 WL 2025037, at *3 (citing cases); *see also Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); *Ojo v. Milrose 179 Harrison, LLC*, No. 20-949, 2021 WL 822788, at *2 (D.N.J. Mar. 4, 2021) ("[L]andlords, like Milrose, seeking to collect rent (a debt) owed directly to them from tenants are creditors, not debt collectors."); *Rodriguez v. Maharaj*, No. 20-4666, 2021 WL 508611, at *4 (D.N.J. Feb. 11, 2021) (observing

that former landlord attempting to collect unpaid rent was a creditor and thus not a proper FDCPA defendant).  Carter also fails to sufficiently allege that Baritz is a debt collector.  She states that Baritz "acted on behalf of Adams Run . . . to communicate" with her "in connection with a debt" but does not allege any facts about whether Baritz engages in regular debt collection practices.[6]

Instead of providing factual support, Carter makes conclusory allegations that restate the statutory definitions.   For example, Carter alleges that Defendants are debt collectors because they generally "do business in connection with debt collection," "collect debts," or in Baritz's case, that he "communicates" about a debt.  (*See* Am. Compl. at 4-5.)  This is not sufficient to establish that Defendants are debt collectors.  *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) (affirming dismissal of FDCPA claim where "the complaint alleges, in a conclusory fashion, that the [defendant] is a 'debt collector' by quoting the relevant definition from the FDCPA" but "provides no factual allegations that suggest [the defendant] regularly collects or attempts to collect debts owed to another"); *Doughty v. Wells Fargo Bank, N.A.*, No. 17-5018, 2018 WL 1784159, at *3 (E.D. Pa. Apr. 13, 2018) (rejecting plaintiff's conclusory allegations that defendants were debt collectors where the allegations of the complaint suggested they were creditors).

---

[6] In her Amended Complaint, Carter does not state that Baritz is an attorney, but rather that he is a "domestic business corporation" that "used [a] false or misleading representation by communicating that this individual is an attorney."  (Am. Compl. at 5.)  Attorneys or law firms "who 'regularly' engage in consumer-debt-collection activity" may qualify as debt collectors under the FDCPA.  *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *see also Hoffmann v. Wells Fargo Bank, N.A.*, No. 16-4230, 2019 WL 186093, at *2 (E.D. Pa. Jan. 11, 2019) ("Lawyers and law firms may be "debt collectors" under the FDCPA's definition—and therefore subject to liability or administrative enforcement under the Act—if their business' principal purpose is to collect consumer debts or if they regularly collect or attempt to collect consumer debts.").  However, to the extent that Carter alleges that Baritz is an attorney, she nevertheless fails to plead sufficient facts to plausibly allege that Baritz is a debt collector subject to the FDCPA.

Even if Carter had properly alleged that any Defendant was a debt collector, her FDCPA claims still fail because she does not sufficiently allege facts to support a plausible inference that Defendants violated a provision of the FDCPA in attempting to collect a debt. Carter again makes vague, conclusory, and at times, conflicting, allegations without supporting facts. Notably, the manner in which Carter has pled her claims makes the nature of the alleged violations difficult to understand. At times, Carter alleges that she has no debt because the lease agreement is allegedly "deceptive" and "unenforceable" but at other times, she acknowledges the existence of her obligation to pay rent but disputes the amount of debt in back rent that she actually owes. Carter's FDCPA claims are not adequately pled.

Despite the conflicting and confusing nature of her allegations, the Court will nevertheless assess if any raise a plausible inference that Defendants violated the FDCPA. Carter alleges that Defendants collectively "used unfair and unconscionable means to collect or attempt to collect an alleged debt." (Am. Compl. at 5.) The Court understands Carter to be alleging a claim under 15 U.S.C. § 1692f, which states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute further provides that it is a violation of § 1692f to collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Aside from parroting the statutory language by alleging that Defendants "used unfair and unconscionable means to collect or attempt to collect an alleged debt," Carter provides no facts to support this conclusory statement, including who used unfair and unconscionable means to collect a debt, when they did so and how. *See Shareef v. Consumer Portfolio Servs. Inc.*, No. 21-4039, 2021 WL 5823011, at *3 (E.D. Pa. Dec. 7, 2021) ("Citing to the [FDCPA] and repeating the language contained in the law is insufficient to state a claim without a description of what actions CPS

took to give rise to the claim against it.").  Any claim under § 1692f will be dismissed.

Carter also alleges that the current landlord and owner of the Godfrey Avenue apartment, Chelsea Management, "used false or misleading representations in connection with a debt . . . by filing the Landlord Tenant Complaint" that "contained a false character amount of $7,408.87." (Am. Compl. at 5.)[7]  The Court understands Carter to be alleging a claim under 15 U.S.C. § 1692e, which states that "a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt."  The statute further provides that it is a violation to make a "false representation of . . . the character, amount, or legal status of any debt."  *Id.* at § 1692e(2)(a).  As noted above, despite Carter's allegations that Chelsea Management is a debt collector, the facts of the Complaint discredit this legal conclusion.  Even if Chelsea Management could be deemed a debt collector, Carter has failed to allege sufficient facts to state a claim under § 1692e(2)(a).  Carter does not allege any facts explaining why the amount of back rent ($7,408.87) listed in the Landlord Tenant Complaint is false, misleading, or otherwise inaccurate.  This is fatal to any § 1692e(2)(a) claim.  *See Sneed v. Patenaude & Felix APC*, No. 21-4722, 2022 WL 267594, at *2 (E.D. Pa. Jan. 28, 2022) (finding that plaintiff's conclusory allegations that defendant "falsely stated that she owed a $1,810.59 debt" was not sufficient because there were no allegations explaining why the amount was false); *Richardson v. NES Georgia Inc-TRM*, No. 18-16407, 2019 WL 1379885, at *3 (D.N.J. Mar. 27, 2019) (dismissing FDCPA claim as conclusory where complaint merely alleged that the defendants' "conduct violated 15 U.S.C. § 1692(2)(A) in that [they] may not falsely represent the character, amount, or legal status of any debt").  Any claim Carter intended to raise under

_____

[7] In her original Complaint, Carter alleged that Adams Run filed the Landlord Tenant Complaint, not Chelsea Management.  (*See* Compl. at 5, 23.)

§ 1692e(2)(a) will be dismissed.

Carter also alleges that it was an "unfair practice" under the FDCPA for the Landlord Tenant Complaint to threaten eviction if Carter failed to pay the back rent.  (Am. Compl. at 5.) The Court understands Carter to be asserting a claim under 15 U.S.C. § 1692e(5), which forbids debt collectors from threatening "to take any action that cannot be legally taken or that is not intended to be taken."  However, Carter does not allege why eviction was not an intended or permissible legal remedy for Defendants or why the Landlord Tenant Action, which ultimately resulted in a settlement, was otherwise unfair or unlawful.  *See Dicesari v. Asset Acceptance LLC*, No. 11-6815, 2012 WL 4108944, at *3 (E.D. Pa. Sept. 18, 2012) ("Because the Plaintiff only alleged an actual action taken—namely, the filing of the state court complaint—and points to no other threats of action, the Court dismisses Plaintiff's claim under § 1692e(5).").  Any claim Carter intended to raise under § 1692e(5) will be dismissed.

Finally, Carter alleges that Baritz used false or misleading representations by communicating that he is an attorney and that Carter owes a debt.  The Court understands Carter to be alleging a claim under 15 U.S.C. § 1692e(3), which forbids debt collectors from making a "false representation or implication that any individual is an attorney or that any communication is from an attorney."  Carter has already represented to the Court and indeed submitted exhibits demonstrating that Baritz is in fact an attorney.  *See Feuerstack v. Weiner*, No. 12-04253, 2014 WL 3619675, at *4 n.1 (D.N.J. July 22, 2014) (concluding no § 1692e(3) claim where "Plaintiff admits . . . that Defendant is an attorney and Plaintiff does not contest that Defendant's letter was from an attorney").  Moreover, Carter has not alleged any facts raising a plausible inference that Baritz's statement that she owes a debt or any other communication by Baritz is false or misleading.  Carter's claims under § 1692e(3) will also be dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Carter's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Since Carter was given an opportunity to amend the defects in her claims and was unable to do so, the Court concludes that further attempts to amend would be futile.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows.